IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID A. PENCE                       :
                                     :
      v.                             : Civil Action No. DKC 2004-3396
                                         Exempt from ECF
                                     :
MARC ZIFCAK, et al.                  :
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Defendants Marc Zifcak, Maria Zammichieli, Robert Bolesta and John Does ("Defendants") to dismiss the complaint of David A. Pence ("Plaintiff") pursuant to Fed.R.Civ.P. 12(b)(6).  (Paper 6).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court grants in part and denies in part Defendants' motion to dismiss.

I.  **Background**

Plaintiff David A. Pence, proceeding pro se, filed an action in this court on October 20, 2004, against Montgomery County Police Detective Marc Zifcak; Maria E. Zammichieli, a Montgomery County Department of Health and Human Services psychologist; Montgomery County Police Lieutenant Robert Bolesta; and Montgomery County Police Department Officers John Does.[1] Plaintiff did not name Montgomery County as a defendant.

---

[1] Plaintiff does not know the names of these officers at this time.

Plaintiff alleges that on October 23, 2001, Montgomery County police officers seized items from his home in Silver Spring, Maryland, while acting without a warrant, and that they seized Plaintiff and illegally had him involuntarily committed in the "psychiatric intensive treatment area" at Washington Adventist Hospital in Takoma Park.  (Paper 1).  Plaintiff alleges that Defendants Zifcak and Zammichieli conspired to have him involuntarily committed, and that Defendant Zammichieli made false statements about him in order to assure his involuntary commitment.  Plaintiff claims he was held against his will at Adventist Hospital for six days until he secured his own release.

Plaintiff further claims that in addition to seizing items from his home on October 23, 2001, Defendants (unknown individual police officers) seized additional items from his home during the six days he spent at Adventist Hospital,[2] and they have refused to return his property despite repeated requests.  He asserts that upon the advice of Defendant Zifcak, Defendant Bolesta improperly signed off on forms, which resulted in a denial of Plaintiff's request to get his property back.

---

[2] Plaintiff alleges that Defendants took coins, firearms, ammunition, a carrying bag, body armor, and hand tools valued at $91,250.  (Paper 1, ex. A).  The complaint does not specify which items were taken from his home on October 23, 2001, and which items were taken subsequently while he was held at Adventist Hospital.

Plaintiff alleges that police and county officials have indicated to him that his property disappeared or was destroyed while in the possession of police.

In their answer, Defendants admit that Montgomery County police were at Plaintiff's home on October 23, 2001, that firearms were seized at that time, that they have not instituted forfeiture proceedings, and that Plaintiff has not been charged with or convicted of a crime stemming from the events of October 23, 2001.  (Paper 5).  They further admit that the seized firearms have been destroyed. *Id.*

Plaintiff brought his claims under the United States Constitution;[3] 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); various provisions of the Maryland Declaration of Rights; and the Maryland Local Government Tort Claims Act, Cts. & Jud. Proc. § 5-301 *et seq.*, under which he brings state tort claims for replevin, involuntary imprisonment, improper detention, improper dentinue, taking and seizing of property, trover, and conversion.  Plaintiff seeks a declaratory judgment to recover

---

[3] Plaintiff appears to be asserting an independent claim under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. (Paper 1, at 3; Paper 10, at 4).  Those claims will be dismissed.  The United States Constitution, standing alone, does not provide a remedy for claims against Montgomery County.  As discussed below, Plaintiff's claims should be brought under a recognized federal cause of action, such as 42 U.S.C. § 1983.

his property, compensatory and punitive damages, and costs and fees.

In response, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6), arguing that: (1) the federal constitutional claims under § 1983 and § 1985(3) should be dismissed because Plaintiff already has sued Defendants in their official capacities on similar claims in the Circuit Court for Montgomery County ("Circuit Court"), and that court dismissed his claims with prejudice; (2) Plaintiff has failed to state a cause of action for individual liability under 42 U.S. § 1985(3); (3) Plaintiff has failed to state a claim under the Maryland Declaration of Rights, Articles 2, 5, 19, 20, 23, 24, 26 and 45; and (4) Plaintiff should not be allowed to pursue piecemeal litigation.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Accordingly, a Rule 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard"

of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) demands only "that the pleaded claim afford 'the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995) (quoting *Burlington Indus. Inc. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir. 1982)); 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1215, at 172-73 (3rd ed. 2004).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265,

286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In construing the complaint of a *pro se* plaintiff, the court must read the document liberally and in the light most favorable to the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Although *res judicata* constitutes an affirmative defense, the Fourth Circuit has held that the defense may be raised in a Rule 12(b)(6) motion:

> This Court has previously upheld the assertion of *res judicata* in a motion to dismiss. *See Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967). Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

**III. Analysis**

    **A.  Official Capacity Claims Under § 1983**

Defendants assert that Plaintiff's claims under § 1983 and

§ 1985(3) based on Defendants' official capacity should be dismissed because "[a]ctions against individual employees in their official capacities can only prevail if the employees caused a deprivation of rights by implementing a governmental policy or regulation." (Paper 6, at 3). Defendants further argue that Plaintiff's suit in Circuit Court in which he named Montgomery County, former Chief of Police Charles Moose, and the Montgomery County Police Department as defendants, for claims based on the events of October 23, 2001, resolved the constitutional claims against the Defendants in their official capacity when Judge Durke Thompson dismissed with prejudice "all constitutional claims against the County." (Paper 6, at 4).

1.   **Official Policy or Custom**

A plaintiff seeking to impose liability pursuant to § 1983[4] must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

---

[4] Few cases have addressed whether a plaintiff must plead and prove an official policy or custom to state a § 1985(3) claim. The court need not address the issue, however, because as discussed below, Plaintiff has failed to state a claim under § 1985(3).

*See also Semple v. City of Moundsville,* 195 F.3d 708 (4th Cir. 1999). The Fourth Circuit has explained that:

> [A] policy or custom may be found in edicts of the city's formal decisionmaking body or in "persistent . . . practices of [municipal] officials" having the *de facto* force of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-68, 90 S.Ct. 1598, 1613-1614, 26 L.Ed.2d 142 (1970); *Languirand v. Hayden,* 717 F.2d 220, 222 (5th Cir. 1983). In addition, such a policy or custom may possibly be inferred from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees, *see Wellington v. Daniels,* 717 F.2d 932 (4th Cir. 1983) (police brutality), or, under quite narrow circumstances, from the manifest propensity of a general, known course of employee conduct to cause constitutional deprivations to an identifiable group of persons having a special relationship to the state. *See Avery v. County of Burke,* 660 F.2d 111 (4th Cir. 1981) (sterilization of women with sickle cell condition). In corollary to these principles, it follows that a municipal policy or custom giving rise to § 1983 liability will not be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees. *See, e.g., Rizzo v. Goode,* 423 U.S. 362, 375, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1976) (no municipal liability where incidents did not exceed statistical norm for comparable municipalities); *Wellington v. Daniels* (no municipal liability in absence of widespread police brutality).

*Milligan v. City of Newport News*, 743 F.2d 227, 229-230 (4th Cir. 1984).

With respect to the distinction between individual and official capacity claims, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). By contrast, personal capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

Plaintiff asserts that "[D]efendants have taken actions on an individual basis, as well as on an employment related basis." (Paper 1, at 6). He has not alleged facts indicating that Defendants were acting pursuant to an official policy or custom. Accordingly, Plaintiff's claims against Defendants in their official capacity under § 1983 will be dismissed.

### 2.  *Res Judicata* **and Collateral Estoppel**

Defendants further argue that because the Circuit Court already has dismissed with prejudice similar claims brought by Plaintiff, "Defendants are entitled to dismissal of all federal constitutional claims against them in their official capacities." (Paper 6, at 4). Plaintiff responds that the lawsuit pending before this court involves claims he did not raise in the Circuit Court suit, including claims against Defendants in their individual capacities, claims against John

Does, and claims under § 1985(3). (Paper 10).  He also asserts that the Circuit Court action was not dismissed on the merits. *Id*.  In support, Plaintiff has attached two transcripts of hearings from the Circuit Court held on his claims.

Defendants are essentially arguing that Plaintiff's claims are barred by the doctrine of *res judicata* and collateral estoppel.  Pursuant to 28 U.S.C. § 1738, federal courts are required to give state court judgments the same preclusive effect that the courts in a rendering state would accord. *See Migra v. Warren City Sch. Dist.*, 465 U.S. 75 (1984) (*res judicata*); *Allen v. McCurry,* 449 U.S. 90 (1980)(collateral estoppel).  "This principle applies to federal civil rights actions following state court actions."  *Snell v. Mayor and City Council of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988) (citing *Migra,* 465 U.S. at 81).  To determine whether the second action is barred, federal courts must apply the *res judicata* and collateral estoppel rules of the state that rendered the underlying judgment. *Id*.

The Maryland Court of Appeals has held that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Colandrea v. Wilde Lake Cmty. Ass'n*, 761 A.2d 899 (Md. 2000)

10

(citing *Janes v. State*, 711 A.2d 1319 (1998)). The court explained the difference between *res judicata* and collateral estoppel: Under *res judicata*, a judgment in an earlier case on the merits is an absolute bar not only with respect to matters litigated in the earlier case but to all matters that could have been litigated where the subsequent case involves the same cause of action. *Colandrea*, 761 A.2d at 908. With collateral estoppel, in a second suit between the same parties, a determination of fact that actually was litigated in the first case is conclusive in the second case, even though the cause of action is different. *Id.*

*Res judicata* under Maryland law involves three elements:

> (1) the parties in the present litigation should be the same or in privity with the parties to the earlier case; (2) the second suit must present the same cause of action or claim as the first; and (3) in the first suit, there must have been a valid final judgment on the merits by a court of competent jurisdiction.

*Id.* (internal citations omitted). The test for collateral estoppel involves a four-part query: (1) Was the issue decided in the prior adjudication identical with the one presented in the subsequent question; (2) Was there a final judgment on the merits; (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication; and

(4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue? *Id*. at 909.

Here, Defendants have provided scant information with which to show that Plaintiff's claims are barred by either doctrine. Defendants assert that:

> Plaintiff sued the County on these same issues arising out of this same incident. Plaintiff, through counsel, argued on behalf of the constitutional claims against Montgomery County at a hearing presided over by the Honorable Durke Thompson. At the conclusion of the hearing, Judge Thompson dismissed with prejudice all constitutional claims against the County.

(Paper 6, at 4). Defendants' only support for this assertion is a one-page docket entry that does not identify the parties, the causes of action, the causes of action on which a final judgment was entered, or to what extent the claims were litigated. Their cause is helped somewhat by the transcripts that Plaintiff provided. During a hearing on December 18, 2003, the Circuit Court dismissed without prejudice the individual liability claims against former Chief Moose, claims against Montgomery County Police Department, and § 1983 claims against Montgomery County. (Paper 10, Hearing on December 18, 2003, at 27). In a hearing on July 29, 2004, the Circuit Court dismissed with prejudice Plaintiff's § 1983 claim. (Paper 10, hearing on July 29, 2004, at 35). Nevertheless, it is unclear whether either *res judicata* or collateral estoppel bar the claims before this

court because the papers do not fully explain the causes of action brought in the Circuit Court or their resolution. Although the court may take judicial notice of proceedings in other courts "when the *res judicata* defense raises no disputed issue of fact," *Andrews,* 201 F.3d at 524 n.1, this case clearly involves a factual dispute. Accordingly, Defendants have failed to show that they are entitled to dismissal under the doctrines of *res judicata* or collateral estoppel.

   **B.   Section 1985(3)**

Defendants seek dismissal of all of Plaintiff's claims under 42 U.S.C. § 1985(3), in which Plaintiff claims that Defendants Zifcak and Zammichieli conspired in their personal and official capacities to deprive him of his civil rights by causing him to be unlawfully arrested and detained. (Paper 6, at 5-6).

Section 1985(3) does not provide a substantive right; rather, it provides a remedy for violation of the rights it designates. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). The statute creates a cause of action where two or more people conspire:

> [F]or the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the

13

>object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

§ 1985(3). To state a cause of action, a plaintiff must prove:

>(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy

*Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995). To prove a conspiracy, a plaintiff must "show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Id*. at 1377 (citations omitted). The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id*.

Plaintiff's complaint fails under at least two elements. First, Plaintiff has failed to allege facts demonstrating that there was an agreement or meeting of the minds on the part of Defendants Zifcak and Zammichieli to violate his constitutional rights. Second, Plaintiff has failed to assert that he is a

14

member of a class or race protected under § 1985(3). *Hughes v. Ranger Fuel Corp.*, 567 F.2d 6, 10 (4th Cir. 1972). Accordingly, Plaintiff has failed to state a claim under § 1985(3) and that claim will be dismissed.

**C.   Maryland Declaration of Rights**

Plaintiff alleges violations of the Maryland Declaration of Rights, Articles 2,[5] 5,[6] 19,[7] 20,[8] 23,[9] 24,[10] 26,[11] and 45.[12] With

---

[5]   Article 2 states:

> The Constitution of the United States, and the Laws made, or which shall be made, in pursuance thereof, and all Treaties made, or which shall be made, under the authority of the United States, are, and shall be the Supreme Law of the State; and the Judges of this State, and all the People of this State, are, and shall be bound thereby; anything in the Constitution or Law of this State to the contrary notwithstanding.

[6] Article 5 states:

> (a) That the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that Law, and to the benefit of such of the English statutes as existed on the Fourth day of July, seventeen hundred and seventy-six; and which, by experience, have been found applicable to their local and other circumstances, and have been
> (continued...)

15

(...continued)
>introduced, used and practiced by the Courts of Law or Equity; and also of all Acts of Assembly in force on the first day of June, eighteen hundred and sixty-seven; except such as may have since expired, or may be inconsistent with the provisions of this Constitution; subject, nevertheless, to the revision of, and amendment or repeal by, the Legislature of this State. And the Inhabitants of Maryland are also entitled to all property derived to them from, or under the Charter granted by His Majesty Charles the First to Caecilius Calvert, Baron of Baltimore.
>
>(b) The parties to any civil proceeding in which the right to a jury trial is preserved are entitled to a trial by jury of at least 6 jurors.
>
>(c) That notwithstanding the Common Law of England, nothing in this Constitution prohibits trial by jury of less than 12 jurors in any civil proceeding in which the right to a jury trial is preserved.

[7] Article 19 states:

>That every man, for any injury done to him in his person or property, ought to have remedy by the course of the Law of the land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to the Law of the land.

[8] Article 20 states: : "That the trial of facts, where they arise, is one of the greatest securities of the lives, liberties and estate of the People."

[9] Article 23 states: "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $10,000, shall be inviolably preserved."

[10] Article 24 states: "That no man ought to be taken or
(continued...)

respect to Articles 2, 5, 19, 20, 23 and 45, Defendants generally argue that Plaintiff has either not stated a cause of action or they are unaware of any way in which they violated Plaintiff's rights. (Paper 6). Defendants are not seeking dismissal of claims based on Articles 24 and 26. Plaintiff argues that Defendants are seeking to dismiss all of his claims under the Declaration of Rights and he cites to the Court of Appeals' holding in *Serio v. Baltimore County*,[13] 863 A.2d 952 (Md. 2004), to demonstrate that he has a cause of action under Article 24. However, Plaintiff has not come forward to explain

---

[10](...continued)
imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

[11] Article 26 states:

> That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted.

[12] Article 45 states: "this enumeration of Rights shall not be construed to impair or deny others retained by the People."

[13] In *Serio*, the Court of Appeals held that although the plaintiff, a convicted felon, could not possess firearms, he retained an ownership property interest in them and was entitled to due process protections under Article 24 of the Maryland Declaration of Rights after police seized his firearms pursuant to a warrant.

17

how he has a cause of action under the remaining provisions of the Declaration of Rights. Accordingly, Plaintiff's claims under Articles 2, 5, 19, 20, 23, and 45 will be dismissed.

### D. Piecemeal Litigation

Defendants assert that "[t]he instant case should be dismissed because Plaintiff should not be allowed to split causes of action among Defendants." (Paper 6). Relying on *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), Defendants argue that because the allegations arise out of the same incident and include the same individuals that were involved in the Circuit Court case, judicial economy and efficiency favor trying the actions together.

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), the Supreme Court held that abstaining "from the exercise of federal jurisdiction is the exception, not the rule." As the Fourth Circuit explained,

> [T]he general rule that our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other. "Despite what may appear to result in a duplication of judicial resources, '[t]he rule is well recognized that the pendency of an action in the state [system] is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *McLaughlin v. United Va. Bank,* 955 F.2d 930, 934 (4th Cir. 1992) (quoting *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54

18

L.Ed. 762 (1910)).

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). In limited instances, however, "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." *Id*. (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, (1996)). The first question a court must ask is whether there are parallel federal and state suits. If so, "a district court must carefully balance several factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Chase Brexton*, 411 F.3d at 463. Six factors guide the analysis:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) *the desirability of avoiding piecemeal litigation*; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights . . .

*Id*. at 463-64 (internal citations omitted) (emphasis added).

As discussed previously, Defendants have not provided enough information to show that there are parallel suits in federal and state courts. Even if this court agrees with Defendants'

19

argument that Plaintiff should not be allowed to pursue piecemeal litigation, that is only one part of the inquiry. Accordingly, Defendants' motion to dismiss the instant case will be denied.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims based on official capacity under § 1983; official and individual capacity claims under § 1985(3); and claims based on the Declaration of Rights Articles 2, 5, 19, 20, 23, and 45 will be GRANTED.  Defendants' motion to dismiss the entire case will be DENIED.  Plaintiff's claims based on the Fourth, Fifth and Fourteenth Amendments of the Constitution will be DISMISSED.   A separate Order will follow.

                               _____/s/_____
                               DEBORAH K. CHASANOW
                               United States District Judge

                               September 21, 2005